# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| NAHLA ALAMAR, | Case No.: 3:19-cv-0291-GPC-LL |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];** |
| SOCIAL SECURITY | |
| Defendants. | **2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, [Doc. No. 1];** |
| | **3) DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT CORRECTING DEFICIENCIES; AND** |
| | **4) DISMISSING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL, [Doc. No. 4].** |

On February 7, 2019, Plaintiff Nahla Alamar, proceeding *pro se*, filed a complaint seeking judicial review of the Commission's decision denying Plaintiff's claims for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Doc.

No. 1, *Compl.*) Plaintiff did not pay the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a); instead she has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). On the same day, Plaintiff filed an application to proceed IFP. (Doc. No. 2, *IFP App.*) On February 12, 2019, Plaintiff also filed a request for Appointment of Counsel. (Doc. No. 4.)

For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP, **DISMISSES** Plaintiff's Complaint with leave to amend, **DIRECTS** Plaintiff to remedy the defects of the pleading described in this Order, and **DENIES** as moot Plaintiff's motion for appointment of counsel.

**I. Motion for Leave to Proceed In Forma Pauperis**

**A. Legal Standard governing IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400[1]. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all of his or her assets, showing that he or she is unable to pay the fees. *See* 28 U.S.C. §1915(a). Such affidavit must include a complete statement of the plaintiff's assets. *See id*. However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

### B. Whether Plaintiff should be granted IFP status

The determination of indigency falls within the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed IFP. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). "[T]he greater power to waive all fees includes the lesser power to set partial fees." *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995).

The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Allen v. Kelly*, 1995 U.S. Dist. LEXIS 9209, 1995 WL 396860 at *2 (N.D. Cal. 1995) (initially permitting Plaintiff to proceed in forma pauperis but later requiring him to pay $120 filing fee out of $900 settlement proceeds); *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) ("[P]laintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action . . . .").

Permission to proceed IFP is "a matter of privilege and not right[,]" *Franklin*, 745 F.2d at 1231, and "'in forma pauperis status may be acquired and lost during the course of litigation.'" *Baize v. Lloyd*, 2014 U.S. Dist. LEXIS 159826, 2014 WL 6090324, at *1 (S.D. Cal. Nov. 13, 2014) (quoting *Wilson v. Dir. of Div. of Adult Insts.*, 2009 U.S. Dist. LEXIS 9394, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009)).

Here, Plaintiff has satisfied her burden of demonstrating that she is entitled to IFP status. Plaintiff submits an affidavit that includes a statement of all of her, and her spouse's assets and obligations, and states the nature of the action, and affiant's belief that she is entitled to redress, which is sufficient to satisfy the requirements under § 1915(a). According to her affidavit in support of her application to proceed *in forma pauperis*, Plaintiff receives monthly income of $600 in public assistance in the form of Electronic Benefits Transfer ("EBT") for her family of five. (*Compl.* at 2; *IFP App.* at 2-3.) In addition, Plaintiff declares she has been "unable to work since 1994" and "unable to work because of many medical issues since 2008;" her average monthly income amount during the past twelve months totaled to $0, not including the $600 in public assistance. (*Id.* at 1-2.)

Plaintiff's spouse is currently employed with an average monthly income amount during the past twelve months totaled to $1,600.[2] Her family's total monthly income is $2,200 if the Court includes her EBT 'income' to her spouse's monthly income of $1,600. Plaintiff advises that she and her spouse have $100 in cash and $100 in a joint checking or savings account. (*Id.* at 2.) Further, Plaintiff and/or her spouse merely own one 2014 Toyota Camry valued at $11,825, $100 cash, $100 in a joint checking or savings account, and no other assets. (*Id.* at 3). Plaintiff's three children, ages 13, 17, and 21, all rely on her and her spouse for support. (*Id.* at 3.)

---

[2] Plaintiff's spouse's monthly salary is listed as $1,600 on one page of the affidavit, (*id.* at 1), and $2,000 on another page. (*Id.* at 2). For the purposes of this Order, the Court will use her spouse's lower stated income of $1,600 to assess whether she can afford the filing fee.

Based on the foregoing, Plaintiff calculated her family's monthly expenses as $1,510 ($661 for rent, $190 for home maintenance, $150 for clothing, $20 for laundry and dry-cleaning, $45 for other insurance, $230 for motor vehicle installment payments, $109 for credit card payments, and $100 for other expenses not specified). However, this sum is underinclusive of all of Plaintiff's family's expenditures. Specifically, the $1,505 sum fails to account for the $600 EBT 'income' which the family presumably spends on food. (*Id*. at 4-5.) When including the $600 EBT contribution for food towards her expenses, her family's monthly expenses totaled to $2,105. Thus, Plaintiff and her spouse's monthly income exceeds their total monthly expenses by $95.

The Court concludes that Plaintiff lacks substantial assets because her expenses nearly equal her total monthly income. Her affidavit sufficiently demonstrated that she is unable to pay the required $400 filing fee without sacrificing the necessities of life for herself and her dependents. *See Adkins*, 335 U.S. at 339-40. The Court concludes that Plaintiff cannot afford to pay any filing fees at this time for this action. The Court therefore **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis*.

**C. *Sua Sponte* Screening Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915(a)**

**1. Standard of Review**

Pursuant to 28 U.S.C. § 1915(a), a complaint filed by any person proceeding IFP is additionally subject to mandatory *sua sponte* screening. The Court must review complaints filed by all persons proceeding IFP and must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the Plaintiff is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the Plaintiff the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If a pro se complaint fails to meet this standard, the court should not dismiss the action "without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Iqbinoso*, 791 F.3d 1039, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez*, 203 F.3d at 1127-28.

In the context of SSI appeals, it has been observed that "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland v. Astrue*, Case No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012). "A complaint merely stating that the Commissioner's decision was

wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, No. 2:15-cv-01086-JCM-NJK, 2015 WL 3630961, at *2 (D. Nev. June 9, 2015); *see, e.g.*, *Cribbet v. Comm'r of Social Security*, No. 1:12–cv–01142–BAM, 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012) (citing *Brown v. Astrue*, Civil No. 11–cv–056–JL, 2011 WL 3664429, *2 (D.N.H. Aug. 19, 2011)). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons *why* the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

### 2. Plaintiff's Allegations

The Court finds that Plaintiff's Complaint is insufficient to support a claim for Denial of SSI.

Plaintiff alleges that she was "recently" denied by Defendant for "Social Security benefits" for her social anxiety, depression, allergies and severe migraines, pulmonary disease, shortness of breath, palpitations, high blood pressure and was turned away multiple times. (*Compl.* at 2.) Plaintiff claims she was turned away multiple times when she applied for SSI benefits but does not plead with any particularity which one of these unsuccessful applications give rise to her present appeal. (*Id.*) Specifically, Plaintiff states that applied twice for SSI benefits and both applications were denied; once on September 24, 2012, and a second time on August 3, 2015. (*Id.* at 2.) It is unclear to the Court whether Plaintiff's present appeal arises from the second denial dated August 3, 2015, or an application more "recent" than that. If it is the former, then the Court is likely precluded from review per 42 U.S.C. § 405(g), which permits judicial review of social security decisions filed in excess of 60 days of the mailing to plaintiff of a notice of an adverse decision. If it is not the former, then the burden is on Plaintiff to so plead. And she has not done so here.

Even assuming a timely appeal, Plaintiff's complaint fails for the additional reason that it contains solely conclusory allegations. It does not make any arguments or set forth any facts why the Commissioner's conclusions are not supported by substantial evidence.

Plaintiff also states that she has included documentation from several medical professionals as proof of her disorders, but these documents were not attached and therefore filed with this Court. (*Id.*) Because the complaint merely alleges in a conclusory fashion that the Commissioner's decision was wrong, the Court finds Plaintiff's complaint is plainly insufficient to satisfy the pleading requirement. *See Schwei*, 2015 WL 3630961, at *2. Therefore, the Court **DISMISSES** Plaintiff's complaint with leave to amend. (Doc. No. 1.)

**II. Motion for Appointment of Counsel**

Plaintiff requests the appointment of counsel to assist her in prosecuting this civil action. (Doc. No. 4.) The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his or her physical liberty if he or she loses the litigation. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F.Supp. 550, 552 (S.D. Cal. 1993).

Additionally, court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate the petitioner's (1) likelihood of success on the merits, and (2) ability to articulate her claims pro se. *Id.* "Neither of these issues is dispositive and both must be viewed before reaching a decision." *Id.*

Although Plaintiff has established her indigence by successfully obtaining IFP status, appointing counsel to represent Plaintiff would be inappropriate because she has failed to demonstrate that she made reasonably diligent efforts to obtain counsel. In Plaintiff's motion for appointment of counsel, she states that she did not call any attorney

because she does not have a job or income to afford an attorney. (Doc. No. 4 at 1.) Plaintiff's motion did not indicate any "diligent effort to obtain counsel." *Bailey*, 835 F. Supp. at 552.

Even if Plaintiff had demonstrated a reasonable effort to obtain counsel, Plaintiff fails to show that exceptional circumstances necessitate appointment of counsel to represent her in this matter. First, Plaintiff offers no evidence to substantiate her claim that the decision of the Commissioner of Social Security was inappropriate. Second, Plaintiff's motion for appointment of counsel fails to explain how the complexity of Plaintiff's action would prevent her from articulating her claims pro se.

For the foregoing reasons, Plaintiff's motion for appointment of counsel is **DENIED** as moot because the Plaintiff's above claim was dismissed *sua sponte*.

**IV. Conclusion and Orders**

Based on the information above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), (*IFP App.*),

2. **DISMISSES** the Complaint with leave to amend for failure to state a claim, and **GRANTS** her thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures all deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to her original pleading. Defendants not named and any claim not re-alleged in her Amended Complaint will be considered waived. *See* S.D. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("An amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based on both Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

and 1915(a), and her failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3. **DIRECTS** Plaintiff to: (1) file a First Amended Complaint correcting the defects in this order, (2) specify the date of the final and appealable denial by the Commissioner, (3) assert, if applicable, that her First Amended Complaint is timely from the date of the Commissioner's denial, (4) specifically outline why the Commissioner erred in determining her ability to work, (5) change the name of the Defendant from "Social Security" to properly name "Nancy A. Berryhill, Acting Commissioner of Social Security;" and

4. **DENIES** Plaintiff's motion to appoint counsel as moot, (Doc. No. 4).

**IT IS SO ORDERED**.

Dated: March 19, 2019

Hon. Gonzalo P. Curiel
United States District Judge